# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JOSH HAYNES, ADC #139661                                                                PLAINTIFF

v.                                            4:16CV00812-BSM-JJV

C. WILLIAMS, Lieutenant, White
County Detention Center; *et al.*                                                       DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Josh Haynes ("Plaintiff") is a former inmate of the White County Detention Center ("WCDC") and a current inmate of the Tucker Unit, Arkansas Department of Correction ("ADC"). He has filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges: (1) Defendants denied his right to practice religion; (2) Defendant Grimes kept him locked down in twenty-three hour confinement; (3) Defendants Crenshaw and Pearson did not allow him access to the kiosk or telephone to contact his lawyer or family; (4) Defendants did not answer the "23/1" speaker intercom when he requested emergency care for a physical injury; (5) Defendants opened his "legal mail," and; (6) Defendants failed to test him for hepatitis and HIV due to his alleged possible exposure to these viruses by a

dentist prior to his incarceration at the WCDC. (*Id*. at 4-5.)

Defendants have filed a Motion for Partial Summary Judgment, Brief in Support, and Statement of Facts seeking summary dismissal of Plaintiff's claims one through five based on Plaintiff's failure to exhaust his administrative remedies. (Doc. Nos. 20-22.) Plaintiff has not responded and the time to do so has passed. After careful review of the Motion and accompanying evidence, for the following reasons, I find the Motion should be GRANTED and this matter should be dismissed without prejudice.

## II.    SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County*, 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

**III.   ANALYSIS**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory.  *Jones*, 549 U.S. at 211.  "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself."  *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust.  *Id*.  Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy.  *See Id*.

In support of the Motion for Partial Summary Judgment, Defendants have provided the affidavit of Captain Grimes, the WCDC Administrator.  (Doc. No. 22-1.)  Captain Grimes's Affidavit explains the WCDC grievance procedure (*Id*. at 1), and Defendants have included a copy of the grievance policy.  (Doc. No. 22-2.)  Of important note, the policy states that all inmates will be afforded an opportunity to file a grievance and "A grievance can be on any type of paper, it does not have to be placed on a complaint/grievance form." (*Id*.)

With regard to Mr. Haynes's grievances, Captain Grimes states, "Plaintiff submitted Grievance #1,311,163 on October 31, 2016, concerning his request to be tested for HIV and hepatitis." (Doc. No. 22-1.)  Defendants have included a copy of this grievance.  (Doc. No.

4

22-3.)  Captain Grimes further states:

> Based on my review of Plaintiff's "jail file", including the electronic communications Plaintiff submitted during his incarceration at the [WCDC] from October 7, 2016 through November 23, 2016, I did not locate any grievances concerning (1) Defendants interfering with Plaintiff's right to practice his religion; (b) me improperly "...lock[ing] [Plaintiff] down in 23 hour confinement..."; (c) Defendants Crenshaw and Pearson "harass[ing] Plaintiff and not allowing Plaintiff "... access to the kiosk or telephone to contact lawyer and family"; (d) Defendants not answering "... the 23/1 speaker intercom"; or, (e) Defendants opening Plaintiff's "legal mail".

(Doc. No. 22-1.)

After review of the pleadings, I find there is no dispute of material fact here. Mr. Haynes filed only one grievance – concerning his request to be tested for HIV and hepatitis – and did not grieve any other allegations in his Complaint. Therefore, he failed to exhaust his administrative remedies as required by the WCDC policy and the PLRA. So, as a matter of law, Plaintiff's claims one through five should be dismissed without prejudice for failure to exhaust.

Additionally, after careful review of Plaintiff's claim six - that Defendants failed to test him for hepatitis and HIV due to his alleged possible exposure to these viruses by a dentist prior to his incarceration at the WCDC – I find Plaintiff fails to state a claim upon which relief may be granted. (Doc. No. 2 at 5.)  Therefore, claim six should also be dismissed.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief

5

may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

> Plaintiff's claim six states:
>
> I was sent a letter from a lawyer of the Health Department to get tested for Hepatitis A, B, C and for H.I.V. as soon as possible because it is a high risk. I could have been exposed to these deseases [*sic*] and/or virus by a dentist that I went to for dental work done. White County Detention Center medical will not get this done for me because they say it is to [*sic*] expensive. But they took my money for it.

(Doc. No. 2 at 5.)

As an initial matter, Plaintiff does not name a single defendant in this claim and it could be dismissed on this basis alone. But more importantly, Plaintiff has not alleged he suffered any injury whatsoever. Mere risk of harm is insufficient to state a viable claim. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation."). Therefore, Plaintiff's claim six should be dismissed for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants Williams, Crenshaw, Grimes, Donnell, and Pearson's Motion for Partial Summary Judgment (Doc. No. 20.) be GRANTED and Plaintiff's claims one through five be DISMISSED without prejudice for failure to exhaust administrative remedies before filing suit.

2. Plaintiff's claim six should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 14th day of February, 2017.

                                                       _____
                                                       JOE J. VOLPE
                                                     UNITED STATES MAGISTRATE JUDGE